UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

                                  Case No. 15-cr-103-pp

LAMONT STALLINGS,

        Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER (DKT. NO. 36)**

      On November 5, 2020, the court issued an order granting the plaintiff's motion to authorize garnishment of the defendant's inmate trust account to pay the restitution he owes. Dkt. No. 35. The court ordered that the BOP should turn over to the clerk of court $1,506.58 from the defendant's trust account. Id. at 6.

      On November 12, 2020, the court received from the defendant this motion to reconsider. Dkt. No. 36. It appears the defendant may not have received the court's November 5, 2020 order at the time he wrote his motion, because he argues that the court should not allow the government to garnish $2,020 from his account. Id. at 2. The court did not order that amount to be garnished. The defendant also argues, however, that he believes the BOP's accounting of how much he has paid toward his restitution is wrong; he believes he has made restitution payments that were not credited toward the restitution. Id. at 1-2. The defendant also takes issue with the government's

1

assertion that he has prioritized gifting money to others over paying the restitution; the defendant asserts that he gives money to his family, reminding the court that is a father and has obligations to his child, incarcerated or not. Id. at 2-3. The defendant says it took him six years to save the money in his trust account, and that he uses it to pay the "vast" expenses of living in prison, including paying for his own allergy medication. Id. at 3. He says that the money he receives comes from his grandfather and is not guaranteed, and that he needs it to complete his rehabilitation and achieve his reentry into society. Id. While the defendant acknowledges that he has no legal ground to contest the court's decision, he asks the court not to punish him for doing the right thing. Id.

The government asks the court to deny the defendant's motion to reconsider because it has no legal basis. Dkt. No. 37. But the government also notes that the defendant's concerns about the "gaps" in payments from his prison account toward restitution—while something the court cannot resolve and something he should take up with prison staff—may be the result of times when the defendant did not have enough funds in his account to remit a restitution payment or times when he was in "refusal" status. Id. at 2.

The court will deny the defendant's motion to reconsider. Many defendants are under the impression that if they agree to participate in the inmate financial responsibility program, they are legally obligated to pay only the minimal payments under that program. That is not the case. The $25/quarter minimum payment is just that—a *minimum* payment. The

defendant remains obligated to address the restitution component of his sentence as promptly as possible.

The court understands the defendant's concerns about how the BOP is taking payments and crediting them, but he must address those concerns with his case manager. The court has no authority over that process. As to the defendant's obligations to his child, his need for money while in prison and the uncertainty of continuing income, the defendant's arguments are reasonable and make sense. But the fact remains that just like the court sentenced the defendant to a term of incarceration, it sentenced the defendant to pay restitution. The court has cases involving defendants who are out on supervised release; when they do not make their best efforts to pay restitution, the government asks the court to revoke their supervised release and sentence them to another prison term. Restitution is part of a defendant's sentence and, like the incarceration component, must be "served" even if it is uncomfortable or difficult for the defendant to do so.

The court **DENIES** the defendant's motion to reconsider. Dkt. No. 36.

Dated in Milwaukee, Wisconsin this 16th day of December, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**