UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                            Case No. 15-cr-103-pp

LAMONT STALLINGS,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO PROCEED WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 100)**

    On March 20, 2024, the court held a hearing, revoked the defendant's supervised release and sentenced him to serve twelve months and one day in custody. Dkt. Nos. 86 at 2; 88.

    The defendant since has filed a notice of appeal. Dkt. No. 90. Approximately two weeks after he filed the notice of appeal, the court received from the defendant an Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis. Dkt. No. 100.

    Under the Federal Rules of Appellate Procedure, a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds that the appellant is indigent and the appeal was taken in good faith. Fed. R. App. P. 24(a)(3). The court decides whether an appellant is indigent by relying on the information in the affidavit of indigence. See <u>Martin v. United States</u>, 96 F.3d 853, 855-56 (7th Cir. 1996). The defendant's affidavit avers

1

Case 2:15-cr-00103-PP    Filed 04/19/24    Page 1 of 3    Document 101

that from June 1, 2023 to July 15, 2023 he worked for ALU Security and made $1,100. Id. at 2. From May 1, 2023 to June 1, 2023, he worked at Planet Fitness and made $1,700. Id. The defendant averred that in the year prior to the date he filed the application, he received $219 in monthly Foodshare benefits. Id. The defendant averred that he has no assets and that he $150 in monthly expenses (which appears to be the cost of bus passes/tickets). Id. at 3-5. The defendant avers: "All the remaining resources I had have been exhausted due to my incarceration since 12-20-23." Id. at 6. Based on this information, the court concludes that the defendant is unable to pay the appellate filing fee.

As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). "To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000). The court cannot say that a reasonable person could not suppose that the defendant's claims have merit, and cannot conclude that the appeal is frivolous.

2

Case 2:15-cr-00103-PP   Filed 04/19/24   Page 2 of 3   Document 101

The court **GRANTS** the defendant's motion to appeal without prepaying the appellate filing fee. Dkt. No. 100.

Dated in Milwaukee, Wisconsin this 19th day of April, 2024.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**