UNITED STATES OF AMERICA,

      Plaintiff,

                                  Case No. 15-cr-103-PP
                                  Case No. 25-cr-20-BHL

   v.

LAMONT STALLINGS,

      Defendant.

## ORDER DENYING MOTION TO REASSIGN
## (CASE NO. 15-CR-103, DKT. NO. 150; CASE NO. 25-CR-20, DKT. NO. 134)

On June 9, 2026, the defendant filed a motion to reassign criminal case 25-cr-20-BHL from Judge Brett Ludwig to Chief Judge Pamela Pepper. Dkt. No. 150.[1]

The defendant's one-page motion correctly stated that this court (Chief Judge Pepper) presided over a lower-numbered criminal case against the defendant—United States of America v. Lamont Stallings, Case No. 15-cr-103 (E.D. Wis.). The motion correctly recited the standard for reassigning cases under Criminal Local Rule 13(a), then asserted that Case No. 25-cr-20 "has not proceeded to the point where reassignment would cause any delay or waste of resources." Dkt. No. 150 at 1. The motion did not elaborate any further. The motion did not state the government's position on the motion.

---

[1] The defendant filed identical motions in both the higher-numbered case (25-cr-20) and the lower-numbered case (15-cr-103).

Two days later, on June 11, 2026, the government filed a response opposing the defendant's motion. Dkt. No. 151. For the reasons stated in the government's response brief, the court will deny the defendant's motion to reassign.

Criminal Local Rule 13(a) allows a criminal case to be reassigned to another judge if (1) it is related to the lower numbered criminal case assigned to that judge or the cases are based on the same set of facts, events or offenses; (2) both cases are pending in the Eastern District; (3) the handling of both cases by the same judge is likely to result in the overall saving of judicial resources; and (4) neither case has progressed to the point where reassigning a case would likely delay substantially the proceedings in either case, or the court finds that the assignment of the cases to the same judge would promote consistency in resolution of the cases or otherwise be in the interest of justice. Criminal L.R. 13(a)(1)-(4). The government concedes that subsections 13(a)(1) and (2) are satisfied here; the basis for the defendant's revocation case (Case No. 15-cr-103) is the conduct giving rise to the indictment in Judge Ludwig's (Case No. 25-cr-20) case and both cases currently are pending in the Eastern District of Wisconsin.

But the defendant has made no showing as to the final two requirements. A grand jury indicted the defendant in Case No. 25-cr-20 on February 4, 2025—over thirteen months ago. Case No. 25-cr-20 at Dkt. No. 1. That case has not been dormant. The government's response details nineteen "substantive filings" in Case No. 25-cr-20, nearly all of which have required

2

attention from Judge Ludwig. Dkt. No. 151 at 4. These filings include a pretrial motion to suppress evidence (Dkt. No. 31); objections to Magistrate Judge Duffin's report and recommendation (Dkt. No. 43); a motion for early disclosure of the grand jury transcript (Dkt. No. 66); motions to withdraw as counsel from three different attorneys; a *pro se* motion for a speedy trial (Dkt. No. 106); and assorted trial filings (including motions *in limine* (Dkt. No. 118)) from the government.

The government observes (and the docket confirms) that Judge Ludwig has held at least five telephone status conferences discussing the status of Case No. 25-cr-20. Case No. 25-cr-20, Dkt. Nos. 72, 82, 101, 104, 132. Judge Ludwig has held five in-person conferences to resolve the five motions to withdraw as attorney filed by the defendant's previous three attorneys. Case No. 25-cr-20, Dkt. Nos. 74, 95, 98, 111 and 129. The government observes that these in-person conferences required Judge Ludwig to "personally participate[] in numerous, length, in-person, ex party hearings with [the defendant] concerning a variety of matters." Case No. 15-cr-103, Dkt. No. 151 at 5-6.

As recently as May 6, 2026, Case No. 25-cr-20 was set for a trial on May 18, 2026. The parties have filed a final pretrial report (dkt. no. 124) and there are motions *in limine* pending (dkt. no. 118). On May 7, 2026, Judge Ludwig granted Attorney Jane Christopherson's motion to withdraw and adjourned the trial. Case No. 25-cr-20 at Dkt. No. 129. Judge Ludwig appointed Attorney Thomas Erickson as the defendant's attorney, effective May 8. Id. at Dkt. Nos.

130, 133. The next step is a status conference set for July 21, 2026. <u>Id.</u> at Dkt. No. 132.

Until it received this motion to reassign, this court was not familiar with any of these pretrial events in Case No. 25-cr-20. This court revoked the defendant's supervised release on unrelated conduct in March 2024, sentencing him to twelve months' and one day imprisonment followed by eighteen months of supervised release. Case No. 15-cr-103, dkt. no. 86. On January 3, 2025, this court issued an arrest warrant after receiving a report of the conduct underlying the new, 25-cr-20 case. <u>Id.</u> at Dkt. No. 110. Since the defendant was arrested on February 27, 2025 (<u>id.</u> at dkt. no. 113), the parties consistently have requested adjournments of any further proceedings to allow the case before Judge Ludwig to resolve. <u>Id.</u> at Dkt. Nos. 122, 126, 128, 133, 142 and 148. Apart from one telephonic status conference in late January 2026, <u>id.</u> at dkt. no. 140, this court has had no direct contact with the parties. It has no special insight or experience with the defendant's new case.

Had the defendant requested reassignment within days (or even several weeks) of the indictment in Case No. 25-cr-20, the court's analysis might be different. But because of how far Case No. 25-cr-20 has progressed, the court cannot find that a reassignment of Case No. 25-cr-20 to Judge Pepper would save judicial resources or otherwise promote consistency in resolution. This court cannot quickly (or perhaps ever) catch up to Judge Ludwig's level of familiarity with Case No. 25-cr-20, especially given the several conversations with the defendant about the issues he has had with his lawyers. And Case No.

4

25-cr-20 appears ripe for the final stages of trial preparation and for trial. Reassignment here is only likely to waste judicial resources, not save them.

The court **ORDERS** that the defendant's motion to reassign Case No. 25-cr-20 to Chief Judge Pepper is **DENIED.**

Dated in Milwaukee, Wisconsin this 15th day of June, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

5